IN THE DISTRICT COURT OF GRADY COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
Grady County, Oklahoma

MAR - 5 2013

Lois Foster, Court Clerk
By _____ Deputy

| | |
|---|---|
| JENE MORRIS | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2013-68 |
| | ) |
| STONEBRIDGE LIFE INSURANCE | ) JURY TRIAL DEMAND |
| COMPANY, | ) Attorneys' Lien Claimed |
| Defendant. | ) |

## PETITION

### THE PARTIES

1. Plaintiff Jene Morris is a resident of Grady County in the State of Oklahoma.

2. Plaintiff was the grandson and the life insurance beneficiary of Leona Sullivan, Deceased (Decedent / Deceased).

3. Defendant Stonebridge Life Insurance Company (Stonebridge) is a foreign corporation[1] duly authorized and licensed to do business in the State of Oklahoma and may be served with process through the Commissioner of the Oklahoma Insurance Department.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court pursuant to 12 O.S. § 2004(F).

---

[1] Upon information and belief, the home office of Defendant is in Vermont.

5. Defendant Stonebridge regularly conducts business in the State of Oklahoma and therefore has sufficient contacts with the State of Oklahoma for this Court to assert personal jurisdiction over the Defendant.

6. Defendant Stonebridge regularly sends direct mail solicitations to the public within the state of Oklahoma in order to attempt to gain more insureds and more premium revenue.

7. Defendant Stonebridge promises people who are considering the purchase of "Simplified Whole Life" insurance the following:

   a. "Whether your family is left to pay medical costs, funeral costs, or other final expenses, this whole life plan can help relieve the financial burden."

   b. "With his plan, once you're accepted you can never be denied coverage as long as your premiums are paid."

8. Venue is proper in this Court pursuant to 12 O.S. § 137 et al.

## BACKGROUND FACTS

9. This matter arises out of a life insurance contract that Defendant refers to as a "Simplified Whole Life" policy, between the decedent, Leona Sullivan, and the Defendant Stonebridge.

10. Defendant sold a policy of life insurance to the Decedent, Leona Sullivan and Leona Sullivan made all premium payments necessary and met all conditions precedent to same.

11. At all times material to acts described herein, all insurance adjusters were acting within the scope of their employment and/or agency with Stonebridge.

12. All premiums due and owing on the involved insurance contract were paid.

13. Defendant accepted all premiums thereon, and all applicable contracts were in full force and effect on the date the Plaintiff filed a claim for benefits.

14. Plaintiff's grandmother, Leona Sullivan, died on December 7, 2010.

15. Plaintiff timely and properly made a claim for policy benefits on Decedent's applicable policy and otherwise complied with all conditions precedent, including the cooperation of any investigation needed in the claim handling.

## COUNT I: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges all previous allegations and further states:

16. On the date that benefits were requested by the Plaintiff, there was a valid and paid insurance contract between the insured(s) and Defendant Stonebridge.

17. In March of 2011, Defendant Stonebridge breached the insurance contract with the Plaintiff by denying the claim for benefits and failing to timely pay benefits in accordance with the terms of the policy.

18. At all times applicable herein, Defendant owed Plaintiff and the Deceased a duty of good faith and fair dealing.

19. In March of 2011, Defendant wrongfully denied payment of policy benefits and wrongfully rescinded this policy.

20. In its handling of Plaintiff's claim, and as a matter of routine business practice in handling like claims under these policies, Defendant breached its duty to deal fairly and act in good faith towards the Plaintiff and the Deceased by:

   a. Failing and refusing payment and other policy benefits on behalf of Decedent at a time when Defendant knew or reasonably should have known that Plaintiff was entitled to the insurance policy benefits;

   b. Failing to properly investigate Plaintiff's claim and to obtain additional information;

   c. Withholding payment of the benefits on behalf of Decedent knowing that Plaintiff's claims for those benefits were valid;

   d. Refusing to honor Plaintiff's claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies to include Plaintiff's claims;

   f. Failing to conduct any investigation into whether the insured intended to deceive the insurance company at the time of the contract;

   g.  Failing to properly evaluate any investigation that was performed; and

   h.  Attempting to rescind the policy without legal or factual justification;

21.  As a direct result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has sustained damages including the loss of the policy coverage, anxiety, frustration, mental and emotional distress, financial hardship and other incidental damages.

22.  The actions and omissions of Defendant was willful and malicious or made with reckless disregard for the rights of others entitling Plaintiff to punitive damages against Defendant.

### COUNT III: FALSE REPRESENTATIONS AND DECEIT

Plaintiff re-alleges all previous allegations and further states:

23.  Defendant falsely represented the coverage to Plaintiff and Deceased.

24.  Defendant concealed important information concerning Defendant Stonebridge's rescission practices. Among other things, Defendant did not inform Decedent that it would make assumptions about her intent when a claim was made. Defendant did not inform Decedent that it would undertake an investigation that was not in compliance with Oklahoma law.

25.  The representations of coverage under the insurance policy and the concealment of important information regarding rescission was material to and did induce Decedent to purchase the subject insurance policy.

26. These representations were false and were made with either the intent to deceive or were knowingly made recklessly without any knowledge as to their truth.

27. The concealment of the important information regarding Defendant's rescission practice was made with intent to deceive and induce Decedent to purchase the subject insurance policy.

28. Decedent reasonably relied upon the representations and concealment of facts by Defendant.

29. As a direct result of Defendant's false representations and concealment of fact to Decedent, Plaintiff has sustained damages including the loss of the policy coverage, anxiety, frustration, mental and emotional distress, financial hardship, and other incidental damages.

30. The actions and omissions of Defendant were willful and malicious or made with reckless disregard for the rights of others (including the Plaintiff), rendering a punitive damage verdict against Stonebridge to be appropriate to punish and deter Stonebridge and other insurers from engaging in bad acts.

31. This Petition is intended to be a lawsuit for actual and punitive damages that arise from the breach of the duty of good faith (bad faith), false representations, and deceit. It is not intended to assert a breach of contract claim.

WHEREFORE the Plaintiff, Jene Morris, respectfully requests judgment against Defendant, Stonebridge Life Insurance Company, in an amount in

excess of $75,000.00 for actual and punitive damages, plus interests, costs, and such other and further relief as the Court deems just and proper.

ATTORNEYS' LIEN CLAIMED.

Dated this 5th day of March, 2013.

RESPECTFULLY SUBMITTED

Carr & Carr Attorneys

*/s/ John Branum*

---

John L. Branum, OBA#20165
Tye H. Smith, OBA#14595
CARR & CARR Attorneys
1350 S.W. 89th Street
Oklahoma City, OK 73159
(405) 249-4215 Phone
(800) 418-8210 Fax
**ATTORNEYS FOR PLAINTIFF~**